FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2010 NOV -2 AM 10: 27

CLERK R. Aus
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JOSEPH K. BRAGG, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO.: CV610-030 |
| DAVID FRAZIER, Warden, | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joseph Keith Bragg ("Bragg"), who is currently incarcerated at Washington State Prison in Davisboro, Georgia, filed, through counsel, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction obtained in the Bulloch County Superior Court. Respondent filed an Answer-Response and a Motion to Dismiss. Bragg filed a Response. The undersigned conducted an evidentiary hearing on September 13, 2010, regarding the issue of equitable tolling. The parties filed post-hearing pleadings. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Bragg was convicted, after a bench trial, in Bulloch County Superior Court on February 8, 2006, of aggravated assault, aggravated stalking, and kidnapping. On May 16, 2009, the Georgia Court of Appeals affirmed Bragg's convictions and sentences on

the aggravated assault and kidnapping charges but reversed Bragg's conviction on the aggravated stalking charge. Bragg filed a petition for writ of habeas corpus on June 11, 2008, in the Washington County Superior Court. An evidentiary hearing was conducted, and Bragg's petition was denied on July 30, 2009. Bragg filed an application for certificate of probable cause, which the Georgia Supreme Court denied on March 2, 2010.

Bragg filed this petition on March 26, 2010. Bragg contends he received ineffective assistance of his trial and appellate counsel, Robert Lanier.

Respondent contends Bragg's petition should be dismissed as being untimely filed. Bragg responds that equitable tolling of the applicable statute of limitations is appropriate in this case.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of--

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Bragg's conviction became final at the time of his completion of the direct review process or when the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Bragg was sentenced in the Bulloch County Superior Court on February 8, 2006. Bragg filed a direct appeal, and the Georgia Court of Appeals issued its judgment on May 16, 2007. Bragg had ten (10) days within which to file a motion for reconsideration or a notice of his intent to file a petition for writ of certiorari to the Georgia Supreme Court; Bragg filed neither of these pleadings. Thus, his conviction became final on or about May 29, 2007.[1] Ga. Ct. App. R. 37(b) (stating that a motion for reconsideration must be filed with the Court of Appeals within 10 days of the decision to be reviewed); Ga. Sup. Ct. R. 38(1) (stating that a notice of intent to apply for a writ of certiorari must be filed within 10 days of the date of the decision to be reviewed); and Ga. Ct. App. R. 38(a)(1) (stating a notice of intent to petition for writ of certiorari in the Georgia Supreme Court shall be filed within 10 days and that filing a motion for reconsideration is not a prerequisite). Because Bragg's conviction became final on May 29, 2007, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the

---

[1] May 26, 2007, was a Saturday, and the following Monday was Memorial Day, a federal holiday. Thus, May 29, 2007, is the date on which Bragg's convictions became final.

3

ordinary state collateral review process is in continuance- i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (internal citations omitted). A petitioner should be mindful that "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to section 2254 petitions. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); see also Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired).

Bragg's conviction became final on May 29, 2007, and he filed his state habeas petition on June 11, 2008. By that time, the statute of limitations period applicable to section 2254 petitions had expired, and there was nothing properly filed in the state courts which tolled the applicable federal statute of limitations period.

Having determined that statutory tolling is not available to Bragg, the Court must now decide whether he is entitled to equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (2010).

4

"'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Mr. Lanier testified during the evidentiary hearing that, due to his limited ability to read, Bragg informed Lanier to route communication through his mother, Dianne Bragg, and his then-girlfriend, Patricia White. Lanier stated that he hand-delivered a letter to Ms. White on May 21, 2007, to advise Bragg of the details of the Court of Appeals' decision of May 16, 2007. (Resp.'t's Ex. A). Lanier testified that he also hand-delivered a letter to Dianne Bragg on June 5, 2007, and explained to her that his work on her son's case had concluded. (Resp.'t's Ex. C). Lanier also testified that he hand-delivered to Mrs. Bragg copies of the trial transcripts and received a signed receipt for these transcripts on March 13, 2008. (Resp.'t's Ex. B).

At the undersigned's direction, Bragg's current attorney, Joshua Millican submitted an Affidavit. Millican declares that he was first consulted about representing Bragg on or about April 2, 2008, and they had their first meeting at Washington State Prison on April 9, 2008. Millican also declares that he was retained by Bragg on May 28, 2008, at which time Millican prepared the application for writ of habeas corpus. The next day, Millican avers, he mailed the application and verification to Bragg at the prison for him to sign. Millican also avers that he mailed the signed application and verification to the Washington County Superior Court on June 6, 2008, and the application was file-stamped on June 11, 2008. (Doc. No. 19, ¶¶ 2-5).

Bragg has not shown that he is entitled to equitable tolling of the one-year statute of limitations period applicable to section 2254 petitions. The undersigned recognizes

5

that Bragg's state habeas corpus petition was filed only 13 days after the statute of limitations period applicable to federally-filed petitions expired. Nevertheless, the undersigned also recognizes that the undisputed evidence of record is that: Bragg has limited reading abilities, and, as a result, he directed Lanier to communicate with his then-girlfriend and his mother; Lanier hand-delivered a letter to Bragg's then-girlfriend on May 21, 2007, detailing the outcome of the Georgia Court of Appeals' opinion; Lanier also hand-delivered a letter to Bragg's mother on June 7, 2007, and informed Mrs. Bragg that Bragg's appeal had been decided (Resp.'t's Ex. C); and Mrs. Bragg received copies of the trial transcripts on March 13, 2008. Not long thereafter—on April 2, 2008—Millican was contacted about the possibility of representing Bragg. However, there is no evidence that Bragg or either of his designees pursued post-conviction matters with any sort of diligence between June 7, 2007 and March 13, 2008, a period of more than nine (9) months. See Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2565 (2010) (noting that the "diligence required for equitable tolling purposes is 'reasonable diligence', not 'maximum feasible diligence'[.]") (internal citations omitted). Bragg met with Millican on April 9, 2008, to discuss habeas representation, but he waited until May 28, 2008, to retain Millican. Once Millican was retained on May 28, 2008 (the day before Bragg's statutory limitations period was set to expire), he prepared Bragg's state habeas corpus petition that day, mailed the petition for Bragg's verification the next day, and then mailed the petition to the Washington County Superior Court for filing a week later. Unfortunately for Bragg, Millican's swift actions are not enough to overcome Bragg's burden in this case.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Bragg's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, with prejudice, as it was not timely filed.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of November, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)