FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2010 DEC 16 AM 9:49
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOSEPH K. BRAGG, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO.: CV610-030
)
DAVID FRAZIER, Warden, )
)
Respondent. )

## ORDER

After an independent and *de novo* review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Joseph Bragg ("Bragg"), through counsel, asserts that he is entitled to the equitable tolling of the statute of limitations. Bragg asserts that his attorney, Mr. Lanier, never contacted him directly to inform him that his appeal had been denied, even though Bragg was the client. Bragg avers that Lanier "hangs his hat on the proposition" that having told Bragg's girlfriend at the time and his mother the appeal had been denied was sufficient. (Doc. No. 24, p. 9). Bragg states that Lanier never informed him, his girlfriend, or his mother about what discretionary appeals might be available or what effect the denial of his appeal may have had. Bragg asserts that he was diligent in his efforts to pursue his rights, despite the extraordinary and "insurmountable impediments" Lanier left him. (Id. at p. 11). Bragg contends that, once he received his trial transcripts from Lanier, he contacted his current attorney, Mr. Millican, two and a half weeks (2½) later and retained Mr. Millican nearly two (2) months later. Bragg also contends that he need not show anything more than that the

extraordinary circumstances which impeded his timely filing were of such a nature he could not reasonably control.

While Bragg correctly notes Lanier did not contact him directly after his appeal was denied, Bragg overlooks the undisputed evidence before the Court that Bragg informed Lanier to direct all communication through his mother and his girlfriend at the time, and this is what Lanier did. In addition, there is no evidence that Bragg or his designees pursued his rights in *any* manner, reasonably or otherwise, from June 7, 2007, the day Lanier hand-delivered a letter to Bragg's mother, until March 13, 2008, the day Lanier provided Bragg's mother with the trial transcripts. Furthermore, a period of nearly two (2) months elapsed from the time Bragg (or one of his designees) contacted an attorney until Millican was retained as Bragg's counsel. Bragg fails to present a "truly extreme case" to establish that he is entitled to the equitable tolling of the applicable statute of limitations. Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (2010).

The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Bragg's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**, with prejudice, as it was not timely filed.

SO ORDERED, this 6th day of December, 2010.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)